UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY E. MALUSKI,<br>    Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., as Trustee, successor by merger to FIRSTAR BANK, N.A., Successor in interest to FIRSTAR BANK MILWAUKEE, N.A., as Trustee for SALOMON BROTHERS MORTGAGE SECURITIES VII, INC. FLOATING RATE MORTGAGE PASS-THROUGH CERTIFICATES SERIES 1999-NC4<br>    Defendants. | § § § § § § § § § § § § § § § §<br><br>Civil Action No. 4:07-CV-00055 |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE

**COME NOW,** Plaintiff Anthony E. Maluski and Defendant U.S. Bank, N.A., as Trustee, successor by merger to Firstar Bank, N.A., as Trustee for Salomon Brothers Mortgage Securities VII, Inc. Floating Rate Mortgage Pass-Through Certificates Series 1999-NC4, and file this their Joint Discovery/Case Management Plan Under Rule 26(f), Federal Rules of Civil Procedure, pursuant to the Court's Order, and show as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**RESPONSE: The conference was held via written correspondence and telephone on July 30, 2007. Plaintiff Anthony E. Maluski ("Plaintiff") appeared through his attorney, Ira D. Joffe. Defendant U.S. Bank, N.A., as Trustee, successor by merger to Firstar Bank, N.A., as Trustee for Salomon Brothers Mortgage Securities VII, Inc. Floating Rate Mortgage Pass-Through Certificates Series 1999-NC4 ("Defendant") appeared through its attorney, Lindsay L. Stansberry.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**RESPONSE: None.**

3. Briefly describe what this case is about.

**RESPONSE: This case involves a dispute over whether Defendant can foreclose on Plaintiff's home pursuant to a home equity note signed by Plaintiff. Plaintiff believes Defendant violated the Texas Constitution by charging fees in excess of three percent (3%) of the principal amount of the loan as closing costs. Plaintiff requests the Court declare the loan void because of the allegedly excessive fees. Defendant denies all allegations against it, specifically denies the fees charged were excessive, and denies Plaintiff is entitled to the relief requested.**

4. Specify the allegation of federal jurisdiction.

**RESPONSE: There is diversity of citizenship between the parties and an amount in controversy greater than $75,000.00. 28 U.S.C. § 1332(a).**

5. Name the parties who disagree and the reasons.

**RESPONSE: Plaintiff and Defendant disagree over the designation and calculation of closing costs charged on Plaintiff's home equity loan, which is serviced by Defendant's successor. Additionally, Plaintiff believes an appraisal fee and a yield spread premium are included in closing costs charged to him, and violate the Texas Constitution 3% cap on fees. Defendant denies the closing costs were in excess of 3% of the principal amount of the loan, and denies the appraisal and yield spread premium are included in the calculation of closing costs.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**RESPONSE: Defendant believes it should be dismissed from this matter and its successor, the current note-holder, is the proper party. Defendant no longer holds any interest in Plaintiff's loan. Plaintiff's home equity note is currently held by Property Asset Management, Inc.**

7. List anticipated interventions.

**RESPONSE: None.**

8. Describe class-action issues.

**RESPONSE: None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**RESPONSE: The parties agree to make their initial disclosures on or before August 20, 2007.**

    10. Describe the proposed agreed discovery plan, including:

        A.  Responses to all the matters raised in Rule 26(f).

**RESPONSE:**

**Changes under FRCP 26(a): None. Disclosures will be made by both parties on or before August 20, 2007.**

**Discovery: The parties anticipate serving each other with written discovery regarding whether the loan fees charged were excessive.**

**Discovery limitations: None.**

**Other orders: None.**

        B. When and to whom the plaintiff anticipates it may send interrogatories.

**RESPONSE: Plaintiff anticipates sending interrogatories to Defendant or before September 21, 2007.**

        C. When and to whom the defendant anticipates it may send interrogatories.

**RESPONSE: Defendant anticipates sending interrogatories to Plaintiff on or before November 23, 2007.**

        D. Of whom and by when the plaintiff anticipates taking oral depositions.

**RESPONSE: Plaintiff anticipates taking the deposition of Defendant's corporate representative on or before January 25, 2008.**

        E. Of whom and by when the defendant anticipates taking oral depositions.

**RESPONSE: Defendant anticipates taking the deposition of Plaintiff on or before February 23, 2008.**

        F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**RESPONSE: Plaintiff anticipates that he can designate experts and provide reports by March 23, 2008. Defendant anticipates that it can designate experts and provide reports by April 23, 2008.**

> G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**RESPONSE: Plaintiff anticipates that he will take the deposition of Defendant's expert witness on or before May 25, 2008.**

> H. List expert depositions the opposing party anticipates taking and their anticipated completion. See Rule 26(a)(2)(B) (expert report).

**RESPONSE: Defendant anticipates that it will take the deposition of Plaintiff's expert witness on or before May 25, 2008.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE: Not applicable.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**RESPONSE: None.**

13. State the date the planned discovery can reasonably be completed.

**RESPONSE: June 22, 2008.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**RESPONSE: The parties have engaged in settlement discussions for a few months, and in fact requested continuances of the initial conference to further discuss settlement. The parties agree to continue settlement discussions throughout all discovery and trial preparations.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**RESPONSE: The parties have engaged in settlement discussions for a few months, and in fact requested continuances of the initial conference to further discuss settlement. The parties agree to continue settlement discussions throughout all discovery and trial preparations.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**RESPONSE: Mediation should be possible by June 22, 2008.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**RESPONSE: Plaintiff is not opposed to trial before a magistrate judge.  Defendant, however, does not agree to trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

**RESPONSE: A jury demand has not been made.**

19. Specify the number of hours it will take to present the evidence in this case.

**RESPONSE: 10-15 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**RESPONSE: None at this time.**

21. List other motions pending.

**RESPONSE: None at this time.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**RESPONSE: None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**RESPONSE: Defendant filed its Certificate of Interested Persons on January 4, 2007. Plaintiff filed his Certificate of Interested Parties on July 31, 2007**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**RESPONSE:**

**Attorney for Plaintiff:**

**Ira D. Joffe**
Texas Bar No. 1066990
Southern District Admission No. 19308
4151 S.W. Freeway, Suite 770
Houston, TX   77027
(713) 960-9696
(713) 961-4403 (Fax)

**Attorneys for Defendant:**

| | |
|---|---|
| **Mark D. Cronenwett** | **Lindsay L. Stansberry** |
| Attorney-in-charge | Texas Bar No. 24041968 |
| Texas Bar No. 00787303 | Southern District Admission No. 38475 |
| Southern District Admission No. 21340 | **COWLES & THOMPSON, P.C.** |
| **COWLES & THOMPSON, P.C.** | 1202 First Place |
| 901 Main Street, Suite 4000 | Tyler, TX 75702 |
| Dallas, TX 75202 | (903) 596-9000 |
| (214) 672-2000 | (903) 596-9005 (Fax) |
| (214) 672-2020 (Fax) | |

Respectfully Submitted,

By: */s/ Ira D. Joffe by Mark D. Cronenwett with permission*
   **IRA D. JOFFE**
   Texas Bar No. 1066990
   Southern District Admission No. 19308

4151 S.W. Freeway, Suite 770
Houston, TX   77027
(713) 960-9696
(713) 961-4403 (Fax)

AND

By: *  /s/ Mark D. Cronenwett*
   **MARK D. CRONENWETT**
   Texas Bar No. 00787303
   Southern District Admission No. 21340

**COWLES & THOMPSON, P.C.**
901 Main St., Ste. 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

   **LINDSAY L. STANSBERRY**
   Texas Bar No. 24041968
   Southern District Admission No. 38475

**COWLES & THOMPSON, P.C.**
P.O. Box 239
Tyler, TX 75710-0239
(903) 596-9000
(903) 596-9005 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of August 2007, a true and correct copy of the foregoing document was delivered via ECF notification to the counsel of record listed below.

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

Ira D. Joffe, Esq.
ATTORNEY AT LAW
4151 S.W. Freeway, Suite 770
Houston, TX   77027