UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY E. MALUSKI,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | |
| U.S. BANK, N.A., as Trustee, successor by merger to FIRSTAR BANK, N.A., successor in interest to FIRSTAR BANK MILWAUKEE, N.A., as Trustee for SALOMON BROTHERS MORTGAGE SECURITIES VII, INC. FLOATING RATE MORTGAGE PASS-THROUGH CERTIFICATES SERIES 1999-NC4<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:07-CV-00055 |

**REPLY TO PLAINTIFF'S RESPONSE TO INTERVENOR-PLAINTIFF'S
MOTION FOR FINAL SUMMARY JUDGMENT**

**COMES NOW**, Intervenor-Plaintiff Property Asset Management, Inc. ("PAMI") and files this its Reply to Plaintiff's Response to PAMI's Motion for Final Summary Judgment and PAMI files this Reply pursuant to the Federal Rules of Civil Procedure and respectfully show the Court as follows:

**I.
SUMMARY**

PAMI is entitled to summary judgment because Plaintiff Anthony Maluski ("Maluski") defaulted on the home equity loan, which is now owned by PAMI. Maluski attempts to defeat PAMI's Motion for Final Summary Judgment (the "Motion") by making baseless objections to the evidence and diverting the Court's attention from the grounds and law relied upon by PAMI that entitle it to summary judgment. The evidence conclusively establishes that Maluski defaulted on his loan and PAMI is, therefore, entitled to final summary judgment.

## II.
## DECLARATION OF MARSHELLE HAWK

Maluski objects to the Declaration of Marshelle Hawk based on two typos. In a mistake of names, "Maddox" is typed instead of "Maluski." The objection is token because the documents on which Ms. Hawk relies, true and correct copies of which are attached to the Declaration, are *all* related to Maluski's loan. The misnomer is a simple typo; Ms. Hawk declares that in her Declaration that she has "researched and reviewed all of the documents in Ocwen's possession respecting Maluski's loan that has been serviced by Ocwen, and the statements in this Declaration are based upon my research and review of these documents." (ECF Docket No. 34 at Exh. A.) Ms. Hawk's Declaration is not defective as all statements contained therein are derived from Maluski's loan documents. Further, even if the Court does not consider the two statements containing typos on Maluski's name, the evidence attached to the Declaration proves up the business record that show Maluski was sent notice of default (ECF Docket No. 34 at Exh. A-8.) and that the comments log referenced refers to Ocwen's comments with Maluski over the loan (ECF Docket No. 34 at Exh. A-6.). (ECF Docket No. 34 at Exh. A, ¶ 7.)

## III.
## TRANSFER OF LIEN

Maluski objects to the Transfer of Lien attached to the Declaration of Marshelle Hawk. He also hinges his response to PAMI's breach of contract claim, suit on the note claim, and PAMI's claim of injury on his assertion that PAMI has not shown it is the note holder. Contrary to Maluski's allegation, the Transfer of Lien is a valid, recorded document concerning the subject property and Ms. Hawk has sworn under penalty of perjury that PAMI is the current note holder.

Maluski first objects because the signature of Neil Dyson, a Servicing Officer for Ocwen Loan Servicing, LLC (the attorney-in-fact for U.S. Bank) is notarized prior to the effective date of the Transfer. Maluski's objection that a document was signed before the actual effective date is wholly immaterial. For example, a declarant may sign a declaration several days or weeks before a party files that declaration as evidence for a motion. Maluski does not allege that the Transfer of Lien does not meet all of the legal requirements for a transfer. Maluski cites to no authority providing that a transferor sign an assignment the same day it is to become effective.

Maluski next objects to the Transfer of Lien because it says the loan is transferred to "Property Asset Management." (ECF Docket No. 36 at ¶ 14.) It is important to note that the correct address for transferee, Property Asset Management a/k/a PAMI, is noted on the Transfer. (ECF Docket No. 31 at Exh. A-5.) Further, PAMI presented evidence that the loan transferred to PAMI in the Declaration of Marshelle Hawk, attached to the Motion. Specifically, Ms. Hawk declared that the loan transferred to PAMI. (*Id*. at Exh. A.) Both Ms. Hawk's Declaration and the Transfer of Lien clearly demonstrate the loan was transferred by U.S. Bank to PAMI. Further, Ocwen Loan Servicing, LLC ("Ocwen") continued to service the loan after the transfer and Ocwen's address was provided on the Transfer if Maluski (or any member of the public) had inquiries regarding the Transfer. Maluski's smoke-and-mirrors objection to the Transfer because it does not contain the word "Inc." after "Property Asset Management" is irrelevant.

Maluski also objects to the Transfer of Lien because it references a P.O.A. (Power of Attorney), which Maluski claims "does not say what is allowed." (ECF Docket No. 36 at ¶ 13.) Maluski objects only to distract the Court from the relevant issue: that the Transfer of Lien transfers all ownership interest to PAMI. An instrument recorded in the official county property records is notice to the public of the existence of the instrument and is subject to inspection by

the public. TEX. PROP. CODE § 13.002. The P.O.A referenced on the Transfer of Lien is recorded and is available to the public, including Maluski, to determine "what it allows." (*See* ECF Docket No. 31 at Exh. A-5) ("P.O.A. Recorded on: April 16, 2004, Book: 554-49, Page: 1175, Instrument: X538453). Accordingly, Maluski can see for himself what the P.O.A referenced in the Transfer "allows" by viewing the property records. However, for purposes of this case, the Transfer of Lien itself clearly divests U.S. Bank of any interest in the loan by virtue of the transfer to PAMI. PAMI is the current note holder and is entitled to summary judgment on its claims for breach of contract and suit on the note.

## IV.
## DECLARATION OF MARK D. CRONENWETT

The Declaration of Mark D. Cronenwett is valid and proves up the $16,308.00 (as of April 1, 2008) in attorneys' fees incurred in this matter. As noted specifically in Mr. Cronenwett's Declaration, the fees were incurred in defense of Maluski's affirmative claims against U.S. Bank and in prosecution of PAMI's claims against Maluski for foreclosure. Maluski objects solely because he does not know if the fees were "passed on" to PAMI from U.S. Bank. The fees incurred in this matter are inextricably intertwined.

Generally, a party must segregate fees for recoverable and nonrecoverable claims. *Navigant Consulting, Inc. v. Wilkerson*, 508 F.3d 277, 298 (5th Cir. 2007). However, legal services are so intertwined that they advance both recoverable and non-recoverable claims, the moving party may recover all of the fees. *Id. citing Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). To the extent the legal services would have been incurred on a recoverable claim, they are not disallowed just because they do "double service." *Chapa*, 212 S.W.3d at 313. In a breach of employment agreement case, the court has awarded all fees where five causes of action and a defense were rooted in the same transaction and set of facts. *Rx.com*

*v. Hruska*, H-05-4148, 2006 U.S. Dist. LEXIS 82493 at *14-16 (S.D. Tex., October 20, 2006 (no pet.).

In this case, the defense of the claims brought by Maluski against U.S. Bank and the request for affirmative relief for PAMI (the current note-holder) are clearly intertwined and the same legal services were required to advance the defense of U.S. Bank and request for relief by PAMI. Maluski brought this suit against U.S. Bank seeking to stop foreclosure on the loan, then held by U.S. Bank. U.S. Bank was required to answer those allegations. U.S. Bank then transferred the note to PAMI, which would like to proceed with the foreclosure initiated by U.S. Bank. Both U.S. Bank and PAMI had to present evidence of the loan history and the payment history and default by Maluski. In addition, U.S. Bank, and now PAMI, had to defend against the Constitutional claims brought by Maluski in attempt to stop a foreclosure and void the lien. The pleadings from all parties are based on the same loan transaction and set of facts. The same legal services—answer, complaint for foreclosure, and motions for summary judgment—were required for U.S. Bank and now PAMI, as the current note holder. The facts and legal theories are so intertwined that the legal services rendered on behalf of PAMI and U.S. Bank necessarily advanced the claims and defenses of the other. PAMI is entitled to its entire claim for attorneys' fees.

**WHEREFORE, PREMISES CONSIDERED**, PAMI requests that this Court grant summary judgment on its claims for breach of contract and suit on a note against Maluski; that the Court declare that the following sums are secured by the Security Instrument on the Property: the outstanding balance of the Note; prejudgment interest; post-judgment interest; costs of court; the Court declare that PAMI may foreclose on the Property pursuant to the Note and the Home Equity Security Instrument; PAMI recover its attorney's fees and costs to be included as a debt

of the subject loan and not as a monetary award; and the Court award such other and further relief to which Defendant/Counter-Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission # 21340

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

    **LINDSAY L. STANSBERRY**
    Of Counsel
    Texas Bar No. 24041968
    Southern District Admission # 38475

**COWLES & THOMPSON, P.C.**
100 E. Ferguson, Ste. 1202
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANT AND
INTERVENOR-PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of May 2008, a true and correct copy of the foregoing document was delivered via ECF notification to the counsel of record listed below.

                                                  */s/ Lindsay L. Stansberry*
                                                  **LINDSAY L. STANSBERRY**

Ira D. Joffe, Esq.
4151 S.W. Freeway, Suite 770
Houston, TX   77027