UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY E. MALUSKI,<br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., as Trustee, successor by merger to FIRSTAR BANK, N.A., successor in interest to FIRSTAR BANK MILWAUKEE, N.A., as Trustee for SALOMON BROTHERS MORTGAGE SECURITIES VII, INC. FLOATING RATE MORTGAGE PASS-THROUGH CERTIFICATES SERIES 1999-NC4<br>Defendants. | §§§§§§§§§§§§§§  Civil Action No. 4:07-CV-00055 |

## U.S BANK'S AND PROPERTY ASSET MANAGEMENT, INC.'S PROPOSED FINDINGS OF FACT

COME NOW the Defendant, U.S. Bank, N.A., as Trustee, Successor by Merger to Firstar Bank, N.A., Successor in Interest to Firstar Bank Milwaukee, N.A., as Trustee for Solomon Brothers Mortgage Securities VII, Inc. Floating Rate Mortgage Pass-Through Certificates Series 1999-NC4 ("U.S. Bank"), and the Intervenor-Plaintiff, Property Asset Management, Inc. ("PAMI"), and propose that the following facts be adopted by this Court:

### I. PRIMARY PROPOSED FINDINGS OF FACT

1. On June 25, 1999, Plaintiff Anthony Tony E. Maluski ("Maluski") signed and entered a Texas Home Equity Note ("Note"), Texas Home Equity Affidavit and Agreement, and Texas Home Equity Security Instrument ("Security Instrument") for a $116,250.00 loan.

2. The original lender on the Note was New Century Mortgage Corporation ("New Century").

3. The loan is secured by an encumbrance on the property at 1015 Bayland Avenue, Houston, Texas 77009 ("Subject Property"), also known as:

> LOT FIFTEEN (15) IN BLOCK ELEVEN (11) OF NORHILL ADDITION, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER VOLUME SIX 6, PAGE 3 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

4. The Note and Security Instrument were subsequently transferred to U.S. Bank.

5. When U.S. Bank held the Note, Ocwen Loan Servicing, Inc., was the servicing agent of U.S. Bank.

6. U.S. Bank transferred the Note and Security Interest to PAMI on April 30, 2007.

7. PAMI is the current holder of the Note and Security Instrument.

8. Ocwen is the current servicing agent of PAMI regarding the Note.

9. U.S. Bank holds no interest in the Note or Security Instrument.

10. U.S. Bank holds no lien on the Subject Property.

11. Maluski is not a party, assignee or a third-party beneficiary to any contract between U.S. Bank and PAMI.

12. Under the terms of the Note, Maluski is required to make monthly payments.

13. Under the terms of the Note, Maluski is required to "promptly pay when due the principal of and interest on the debt," as well as any applicable late charges due.

14.	Maluski has not made any payments as required under the Note since June 10, 2005 and is in default under the Note.

15.	Maluski has not paid the property taxes on the Subject Property, in breach of the Note and Security Instrument.

16.	On August 15, 2005, Ocwen sent Maluski a Notice of Default via certified mail, return receipt requested.

17.	On November 4, 2005, an Application for Foreclosure of a Lien Under Texas Constitution Article XVI, Section 50(a)(6)(D) was filed in *In re: Order for Foreclosure Concerning Anthony E. Maluski and 1015 Bayland Avenue, Houston, Texas 77009*, Cause No. 2006-07436 in the 270th Judicial District Court of Harris County, Texas.

18.	As of November 26, 2008, the outstanding total amount owed on the Note was $143,500.26.

19.	The Note states that attorneys fees and costs are recoverable from Maluski.

20.	PAMI has incurred reasonable attorneys fees in the amount of $_____, and expects to incur reasonable attorneys fees in the amount of $_____ should Maluski appeal this matter to the Fifth Circuit Court of Appeals.

21.	The original lender charged Maluski closing fees totaling $3,487.50.

22.	The title company issued a Revised HUD-1 Settlement Statement within five (5) days of the loan closing.

23.	The Revised HUD-1 listed the costs as follows:

| Line | Fee | Amount |
|---|---|---|
| 801 | Loan Origination Fee | 3237.50 |

| | | | |
|---|---|---|---|
| 803 | Appraisal Fee | | 250.00 |
| 105 | Document Preparation | | 200.00 |
| 1107 | Attorneys' Fees | | 110.00 |
| 1108 | Title Insurance | | 1094.00 |
| | Tax Deletion (not yet due & payable) | | 25.00 |
| 1111 | EPA Lien Endorsement | | 50.00 |
| 1112 | Other Endorsements | | 273.50 |
| 1113 | Messenger Fee | | 50.00 |
| | Escrow Fees | | 125.00 |
| 1201 | Recording Fees | | 78.00 |
| 1204 | Tax Certificate PSI | | 64.95 |
| | **Sub-total** | | **5557.95** |
| | Credit: Closing Cost | | [2,070.45] |
| | **TOTAL** | | **3487.50** |

24. The correction was made in a reasonable time.

25. No attempt was made by New Century, U.S. Bank, or PAMI to collect a $300 appraisal fee from Maluski several months after the closing.

26. The lender did not charge Maluski a $300 appraisal fee.

27. Maluski never paid a $300 appraisal fee.

28. Maluski never gave notice to any party that a $300 appraisal fee was charged to him.

29. The originating lender, New Century paid a yield spread premium ("YSP") to the loan broker in the amount of $2,325.00 outside of closing.

30. The funds to pay the YSP did not come from Maluski's funds at closing.

31. Maluski did not pay the YSP.

32. The YSP is not included in closing costs.

33. New Century did not charge closing costs in excess of three percent of the total amount of the loan.

4

## II. ALTERNATIVE PROPOSED FINDINGS OF FACT

Strictly in the alternative to the foregoing proposed findings fact, PAMI proposes the following findings of fact:

34.     At the time Maluski signed and entered the Note, proceeds from the loan were used to pay debt of Maluski that was secured by the Subject Property.  More specifically: a prior mortgage was paid off in the amount of $25,290.05 to Source One Mortgage Corporation; $24,020.58 to Felix B. Jones for a recorded mechanic's and materialman's lien on the Subject Property; and federal taxes in the amount of $59,673.88 were paid from the loan proceeds to the Internal Revenue Service.

35.     US Bank and PAMI have paid accured property taxes on the Subject Property in the amount of $18,098.33 since the time Maluski signed and entered the Note.

WHEREFORE, U.S Bank and PAMI request that this court adopt these proposed findings of fact set forth in Section I above.  In the strict alternative, they request that the Court adopt the conclusions set forth in Section II above.  U.S. Bank and PAMI further request such other relief to which they may be entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission # 21340

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

    **LINDSAY L. STANSBERRY**
    Of Counsel
    Texas Bar No. 24041968
    Southern District Admission # 38475

**COWLES & THOMPSON, P.C.**
100 E. Ferguson, Ste. 1202
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

**ATTORNEYS FOR DEFENDANT AND INTERVENOR-PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of November 2008, a true and correct copy of the foregoing document was delivered via ECF notification to the counsel of record listed below.

    Ira D. Joffe
    6750 West Loop South
    Bellaire, TX 77401

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**