## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **ANTHONY E. MALUSKI,** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **U.S. BANK, N.A., as Trustee, successor by** | § |
| **merger to FIRSTAR BANK, N.A.,** | § **Civil Action No. 4:07-CV-00055** |
| **successor in interest to FIRSTAR BANK** | § |
| **MILWAUKEE, N.A., as Trustee for** | § |
| **SALOMON BROTHERS MORTGAGE** | § |
| **SECURITIES VII, INC. FLOATING** | § |
| **RATE MORTGAGE PASS-THROUGH** | § |
| **CERTIFICATES SERIES 1999-NC4** | § |
| **Defendants.** | § |

### U.S BANK'S AND PROPERTY ASSET MANAGEMENT, INC.'S PROPOSED CONCLUSIONS OF LAW

COME NOW the Defendant, U.S. Bank, N.A., as Trustee, Successor by Merger to Firstar Bank, N.A., Successor in Interest to Firstar Bank Milwaukee, N.A., as Trustee for Solomon Brothers Mortgage Securities VII, Inc. Floating Rate Mortgage Pass-Through Certificates Series 1999-NC4 ("U.S. Bank"), and the Intervenor-Plaintiff, Property Asset Management, Inc. ("PAMI"), and propose that these conclusions of law be adopted by this Court:

### I. PRIMARY PROPOSED CONCLUSIONS OF LAW

1.  PAMI is entitled to prevail on its breach of contract claim.

    a. The Texas Home Equity Note ("Note") is a valid and enforceable contract between Maluski and PAMI.

    b. PAMI is the holder of the Note.

    c.  PAMI's predecessor in interest performed under the terms of the Note by lending Maluski $116,500.

    d.  Maluski breached the contract by failing to make any payments as required under the Note after June 10, 2005.

    e.  Maluski's breach caused PAMI harm because PAMI has not received the money due on the Note for over three years.

2.    PAMI is allowed to recover attorney's fees in the amount of $_____ through trial of this cause, as allowed under the terms of the Note, and an additional sum of $_____ should Plaintiff appeal this Court's final judgment in this cause.

3.    PAMI is entitled to prevail on its claim for suit on the Note because PAMI is the holder of the Note, which Maluski signed and on which a balance of $143,500.26 as of November 26, 2008.

4.    PAMI is entitled to an order of foreclosure of the Subject Property, during which PAMI will be allowed to recover attorney's fees.

5.    Maluski takes nothing on his claims for relief against U.S. Bank.

    a.  U.S. Bank is not a proper party to this lawsuit because it is neither the lender nor a holder of the Note.

    b.  There is no bona fide dispute between Maluski and U.S. Bank.

6.    Maluski cannot recover as damages the "repayment . . . of all amounts previously paid" because that is not a remedy available to Maluski under the Texas Constitution.  *See* TEX. CONST. art. XVI § 50(a)(6)(Q)(x).

7.    Maluski cannot obtain declaratory relief against U.S. Bank stating that U.S. Bank's lien is void because U.S. Bank does not have a lien on Maluski's property.

8.     Even if U.S. Bank were a proper party to this lawsuit against whom damages could be recovered, no recovery would be allowed because the lender complied with Section 50(a)(6)(E) of the Article XVI of the Texas Constitution by charging fees equal to or less than three percent of the total amount of the loan.

      a.  The yield spread premium ("YSP") is not included in the amount of fees that are capped at 3% because it is neither paid by nor charged to the borrower at or before closing.

      b.  Although the original HUD-1 listed charges $110 over the 3% limit, this was corrected by the Revised HUD-1 within the timeframe for cure allowed by TEX. CONST. art. XVI, § 50(a)(6)(Q)(x).

      c.  The Revised HUD-1 was the final list of closing costs charged to Maluski and stated the total charges as $3,487.50, which is exactly 3% of the total loan amount.

      d.  The Revised HUD-1 is valid and is sufficiently formalized.

      e.  The deadline for Maluski to rescind the loan transaction is not relevant to the deadline by which a Revised HUD-1 must be issued.

      f.  The 3% limit was also not exceeded by any second appraisal fee, which was not actual charged to or paid by Maluski.

      g.  The YSP is not a time-price differential as defined in TEX. FIN. CODE § 302.001(16).

9.     The Transfer of Lien is valid and enforceable document, meeting all legal requirements of a transfer, and PAMI is now the holder of the Note.

10.     The legal services performed for U.S. Bank and PAMI are so intertwined that they advance both recoverable and non-recoverable claims, so all the legal fees may be recovered.

## II.  SECONDARY PROPOSED CONCLUSIONS OF LAW

Strictly in the alternative to the foregoing, US Bank and PAMI propose the following conclusions of law:

11.     It would be inequitable for Maluski to enjoy the payment of prior secured debts, even though there may have been a violation of the Texas Constitution in the origination of the Note.

12.     It would be inequitable for Maluski to enjoy the payment by US Bank and PAMI of Maluski's property taxes, on obligation owed by him, even though there may have been a violation of the Texas Constitution in the origination of the Note.

13.     The Security Instrument provides a viable and enforceable lien on the Subject Property in the amount of $127,082.84, said sum constituting the payment at closing of Maluski's prior secured debt on the Subject Property and the payment of Maluski's property tax obligations by US Bank and PAMI.

14.     Maluski has breached his payment obligations under the Note and Security Instrument, and therefore, PAMI is entitled to a judgment permitting foreclosure of the Subject Property.

WHEREFORE, U.S Bank and PAMI request that this court adopt the proposed conclusions of law in Section I above, dismiss Maluski's complaint against U.S. Bank with prejudice, and grant the relief requested by PAMI.  Strictly in the alternative, U.S.

Bank and PAMI request the Court adopt the conclusions of law in Section II, above.  U.S.

Bank and PAMI request all other relief to which they may be entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission # 21340

    **COWLES & THOMPSON, P.C.**
    901 Main Street, Suite 3900
    Dallas, TX 75202
    (214) 672-2000
    (214) 672-2020 (Fax)

    **LINDSAY L. STANSBERRY**
    Of Counsel
    Texas Bar No. 24041968
    Southern District Admission # 38475

    **COWLES & THOMPSON, P.C.**
    100 E. Ferguson, Ste. 1202
    Tyler, TX 75702
    (903) 596-9000
    (903) 596-9005 (Fax)

    **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 26th day of November 2008, a true and correct copy of the foregoing document was delivered via ECF notification to the counsel of record listed below.

Ira D. Joffe
6750 West Loop South
Bellaire, TX 77401

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**