IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY E. MALUSKI,<br>    PLAINTIFF | § § § | |
| V. | § § | CIVIL ACTION<br>N0. 4:07-cv-00055 |
| U.S. BANK, N.A., as Trustee,<br>successor by merger to FIRSTAR,<br>BANK, N.A. successor in interest to<br>FIRSTAR BANK MILWAUKEE, N.A.,<br>as Trustee for<br>SALOMON BROTHERS MORTGAGE<br>SECURITIES VII, INC., FLOATING<br>RATE MORTGAGE PASS-THROUGH<br>CERTIFICATES SERIES 1999-NC4,<br>    DEFENDANT | § § § § § § § § § § | |

**JOINT PRETRIAL ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

1. **APPEARANCE OF COUNSEL**

    Plaintiff / Intervenor Defendant  Anthony E. Maluski is represented by:

        Ira D. Joffe
        6750 West Loop South, Suite 830
        Bellaire, TX 77401
        (713) 661-9898
        (888) 335-1060 (Fax)

    Defendant  U.S. Bank, N.A., as Trustee, Successor by Merger to Firstar Bank, N.A., Successor in Interest to Firstar Bank Milwaukee, N.A., as Trustee for Salomon Brothers Mortgage Securities VII, Inc., Floating Rate Mortgage Pass-Through Certificates Series 1999-NC4 ("U.S. Bank")  and the Intervenor Plaintiff Property Asset Management, Inc. ("PAMI") are both represented by:

        Mark D. Cronenwett
        Cowles & Thompson, P.C.
        901 Main Street, suite 3900
        Dallas, TX 75202
        (214) 672-2159
        (214) 672-2359 (Fax)

    and

Lindsay L. Stansberry
Cowles & Thompson, P.C.
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

2. **STATEMENT OF THE CASE**

This case involves a dispute over a loan taken out by Plaintiff and secured by the equity in his primary residence. On June 25, 1999, Plaintiff signed and entered a Texas Home Equity Note, Texas Home Equity Affidavit and Agreement, and Texas Home Equity Security Instrument for a $116,250.00 loan that encumbered the following property:

> LOT FIFTEEN (15) IN BLOCK ELEVEN (11) OF NORHILL ADDITION, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER VOLUME SIX 6, PAGE 3 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, which has the address of 1015 Bayland Avenue, Houston, Texas 77009

("Subject Property").

The original lender on the Note was New Century Mortgage Corporation ("New Century"). The Note and Security Instrument were subsequently transferred to U.S. Bank. U.S. Bank subsequently transferred the Note and Security Instrument to PAMI. Both U.S. Bank and PAMI retained Ocwen to act as their attorney-in-fact and servicer-in-fact on the loan. Ocwen is a loan servicer only, and it does not hold an ownership interest in the Note.

On December 7, 2006, Plaintiff filed his Original Petition and Request for Declaratory Relief, requesting the loan be declared void. Plaintiff claims U.S. Bank violated Section 50(a)(6) of the Texas Constitution by charging excessive fees at closing. Plaintiff claims that the three percent cap was violated in several ways. First, Plaintiff alleges the relevant fees on the settlement sheet are more than the cap. Plaintiff maintains that just the loan origination fee and the appraisal fee add up to the cap exactly, and there are more relevant fees on the sheet. Secondly, Plaintiff claims that after the loan closed, Plaintiff says he was told he had to pay $300.00 for another appraisal. Plaintiff's third claim involves the Yield Spread Premium ("YSP"), which Plaintiff believes is a fee for compensation to the loan broker that lets the borrower pay up front fees over the life of the loan through higher interest instead of all at once at closing. The amount of the YSP shown on the settlement sheet is $2,325.00.

U.S. Bank maintains that it transferred any and all interest in the loan to PAMI, and that it therefore does not have an ownership interest in the loan and is not claiming a lien on the Subject Property. U.S. Bank also maintains that no provision of the Texas Constitution was violated in the origination of Plaintiff's loan, and that the YSP is not included in the calculation of loan fees subject to the three-percent (3%) cap.

PAMI intervened in the case requesting an order of foreclosure because it claims Plaintiff defaulted on his loan. In the strict alternative, PAMI claims that it is entitled to recover all prior secured liens paid off from the proceeds of this loan transaction, and all property taxes paid since the Loan was executed, pursuant to the doctrine of equitable subrogation. Plaintiff denies that PMI has authority to foreclose on the Note or is entitled to equitable subrogation.

3. **JURISDICTION**

The case was originally filed in the 295TH Judicial District of Texas. It was removed to this court because of diversity and the amount in controversy pursuant to 28 U.S.C. §§1441(a) and (b) and 1332(a).

4. **PENDING MOTIONS**

| 4/2/08 | Docket 31 | Amended Motion For Summary Judgment filed by U. S. Bank |
| 4/15/08 | Docket 34 | Motion For Summary Judgment filed by Property Asset Management, Inc. |
| 6/12/08 | Docket 39 | Motion For Summary Judgment filed by Anthony E. Maluski |

5. **CONTENTIONS OF THE PARTIES**

   **Plaintiff's Contentions**

   a. The fees Plaintiff had to pay are over the three percent cap.

   b. Defendant should forfeit all principal and interest on the loan and release the lien against Plaintiff's homestead.

   c. Line 801 of the HUD-1 Settlement Statement relevant to the Plaintiff's loan shows that a Loan Origination Fee of $3,237.50 was paid to Global Financing.

   d. Line 803 of the HUD-1 Settlement Statement relevant to the Plaintiff's loan shows that an Appraisal Fee of $250.00 was paid to Global Financing.

   e. The Loan Origination Fee of $3,237.50 and the Appraisal Fee of $250.00 add up to $3,847.50, the three percent cap for the loan.

   f. There are other fees shown on the settlement sheet for Plaintiff to pay that were "necessary to originate, evaluate, maintain, record, insure, or service the extension of credit."

   g. There is a credit of $1,960.45 shown on the settlement sheet.

  h.  The settlement sheet shows a Yield Spread Premium payment of $2,325.00.

  i.  No party to the litigation representing the lender was present at the actual closing or has any actual knowledge of how the credit was applied.

  j.  The settlement sheet "does not list the charges for which the lender paid on the Plaintiff's behalf but only lists the aggregate amount of the credit."

  k.  There is no proof as to how the credit on the settlement sheet was applied or that it reduced the fees that are covered by the cap to a legal amount.

  l.  Even if the credit did reduce the charges, the charges were in excess of the allowable cap and sill had to be paid by Plaintiff, even if through a credit supplied by the lender. Regardless of where the credit came from, it was an amount that Plaintiff had to tender at closing to pay for charges that were clearly in excess of the allowable limit.

  m.  Even if the credit can be proven to do what Defendant claims, there is still the $2,325.00 YSP that Plaintiff has to pay and it is a fee covered by the cap.

  n.  Plaintiff has notified the Defendant of the defects in the loan and the time to fix them has expired.

  o.  Since PAMI allegedly bought the loan while it was in litigation, any equitable remedies it can claim are limited to what it paid for its interest in the transaction, not the remaining balance of the loan and not a lien for the amounts that the original lender paid to any prior creditors.

**Defendant's Contentions**

  a.  Plaintiff does not have authority for a claim for reimbursement.

  b.  U.S. Bank does not hold or own the loan in question and is, therefore, not a proper party to this action.

  c.  The original lender complied with Section 50(a)(6)(E) of the Article XVI of the Texas Constitution by charging fees equal to or less than three percent of the total amount of the loan.

4

      d.      The lender did not charge Plaintiff fees in excess of 3% of the total amount of the loan.

      e.      The yield spread premium is not included in closing costs.

      f.      Plaintiff did not pay for a second appraisal.

      g.      There is not a bona fide dispute between U.S. Bank and Maluski.

**Intervenor-Plaintiff's Contentions**

      a.      The original lender on the Note was New Century Mortgage Corporation.

      b.      The Note and Security Instrument were subsequently transferred to U.S. Bank.

      c.      U.S. Bank subsequently transferred the Note and Security Instrument to PAMI.

      d.      Since June 10, 2005, Plaintiff has not tendered any payments and is in violation of the Note.

      e.      On August 15, 2005, Plaintiff was sent a Notice of Default via certified mail, return receipt requested.

      f.      An Application for Foreclosure of a Lien Under Texas Constitution Article XVI, Section 50(a)(6)(D) was filed on November 4, 2005 in *In re: Order for Foreclosure Concerning Anthony E. Maluski and 1015 Bayland Avenue, Houston, Texas 77009*, Cause No. 2006-07436 in the 270th Judicial District Court of Harris County, Texas.

      g.      As of November 26, 2008, the current outstanding total amount owed on the Note was $143,500.26.

      h.      Upon the closing of the Note, some of the loan proceeds were used to pay off prior debt that was secured by the Subject Property. More specifically: a prior mortgage was paid off in the amount of $25,290.05 to Source One Mortgage Corporation; $24,020.58 to Felix B. Jones for a recorded mechanic's and material man's lien on the Subject Property; and federal taxes in the amount of $59,673.88 were paid from the loan proceeds to the Internal Revenue Service. Source One Mortgage Corporation, Felix B. Jones, and the Internal Revenue Service (or the governmental entities for which said official was collecting taxes) were all secured creditors whose debts were secured by the Subject Property.

    i. PAMI has paid $18,098.33 in property taxes since the Loan was executed, for which it has not been reimbursed.

6. **ADMISSIONS OF FACT**

  c. Plaintiff's original suit against Defendant U.S. Bank was filed on or about December 7, 2006.

  d. On June 25, 1999, Plaintiff signed and entered a Texas Home Equity Note, Texas Home Equity Affidavit and Agreement, and Texas Home Equity Security Instrument for a $116,250.00 loan that encumbered the following property:

> LOT FIFTEEN (15) IN BLOCK ELEVEN (11) OF NORHILL ADDITION, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER VOLUME SIX 6, PAGE 3 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, which has the address of 1015 Bayland Avenue, Houston, Texas 77009

  e. Three percent of $116,250.00 is $3,487.50.

7. **CONTESTED ISSUES OF FACT**

  a. Whether or not PAMI has properly acquired an interest in the loan.

  b. Whether or not Plaintiff defaulted on the Note without excuse and whether PAMI is entitled to an order for foreclosure.

  c. Whether or not PAMI is entitled to a secured interest in the Subject Property in the amount of the prior secured debt paid on the Loan and property taxes that have been paid since the Loan was executed.

8. **AGREED PROPOSITIONS OF LAW**

  a. The loan is governed by Section 50(a)(6), Article XVI of the Texas Constitution.

  b. Section 50(a)(6)(E) requires that a valid home equity lien cannot require the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit.

9. **CONTESTED PROPOSITIONS OF LAW**

  a. Whether or not the "credit" listed on the settlement sheet was actually applied to the charges "necessary to originate, evaluate, maintain, record, insure, or service

6

     the extension of credit" to bring them down to the three percent cap in the Texas Constitution.

  b.    Whether or not the Yield Spread Premium is a charge that needs to be included in the charges "necessary to originate, evaluate, maintain, record, insure, or service the extension of credit."

  c.    Whether or not Defendant had 60 days to correct any error in the amount of fees after being notified by the Plaintiff.

  d.    Whether or not, pursuant to the doctrine of equitable subrogation, PAMI stands in the shoes of the prior secured creditors and acquired their respective lien interests in the Property.

10. **EXHIBITS**

The parties' Exhibit Lists are attached.

11. **WITNESSES**

Plaintiff's Witnesses:

  i.    Plaintiff Anthony E. Maluski, 1015 Bayland Ave. Houston, Texas 77009. Mr. Maluski is a real estate attorney. He filed the original Petition in state court and will testify to notifying the loan servicer of the three percent cap violations and the failure to get the loan brought into compliance.

  ii.    Plaintiff's counsel Ira D. Joffe 6750 West Loop South, Suite 830, Bellaire, TX 77401, will testify on the issue of attorney fees required by the case. Joffe has been licensed to practice law in Texas since 1984. He has represented national secured lenders in consumer transactions. He has been a member of the National Association of Bankruptcy Attorneys since 1998 and practiced bankruptcy law representing debtors from 1998 through 2006. He has extensive experience dealing with Texas home equity loans. He has been a member of the College of the State Bar of Texas and is a member of Houston Association of Consumer Bankruptcy Attorneys and the National Association of Consumer Advocates.

Defendant and Intervenor's Witnesses

  i.    Anthony Maluski—Will be called.
      Plaintiff
      c/o Ira D. Joffe, Esq.
      4151 S.W. Freeway, Suite 770
      Houston, TX   77027

  ii.    Chomie Neil—May be called.
      Loan Analyst

        Ocwen Loan Servicing, LLC
c/o Mark Cronenwett
Cowles & Thompson, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202

iii.     Marshelle Hawk—Will be called.
Loan Analyst
Ocwen Loan Servicing, LLC
c/o Mark Cronenwett
Cowles & Thompson, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202

iv.     Corporate representative,
custodian of records of:
Texas American Title Company—Will probably not be called.
Title Company that closed the subject loan
101 Southwestern Blvd., Ste. 110
Sugar Land, TX 77478
713.998.9999

v.     Corporate representative,
custodian of records of:
Source One—Will probably not be called.
Prior mortgagee of the subject property
27555 Farmington Rd.
Farmington Hills, MI 48334

vi.     Felix B. Jones—Will probably not be called.
Prior lienholder paid from proceeds of the subject loan
PO Box 66
Morgan Mill, TX 76465
254.968.0485

vii.     Global Financial Services—Will probably not be called.
2550 South Parker, Ste. 104
Aurora, CO 80014
303.632.2000

viii.     New Century Mortgage Corporation—Will probably not be called.
Original note-holder
18400 Von Karmen, Ste. 1000
Irvine, CA 92612
949.440.7030

ix.     Corporate representative,
custodian of records of:

        Internal Revenue Service—Will probably not be called.
        Payee from the proceeds of the subject loan
        1919 Smith, Ste. 300
        Stop 5221
        Houston, TX 77002

    x.    Mark D. Cronenwett—Will be called.
        Expert - Attorneys' fees
        Cowles & Thompson
        901 Main St., Ste. 3900
        Dallas, TX 75202
        214.672.2000

## 12. SETTLEMENT

All settlement efforts have been exhausted, including a full-day mediation that was not successful.

## 13. TRIAL

a.    Plaintiff estimates the trial should take half a day or less, depending on the rulings on the pending summary judgment motions. Defendant and Intervenor-Plaintiff anticipate the trial will last one day.

b.    Plaintiff is unaware of any logistical problems. Defendant and Intervenor-Plaintiff's corporate witness(es) must travel from Florida and would request sufficient notice before the case is called to try to make travel arrangements.

## 14. ATTACHMENTS

Plaintiff's and Defendant's Proposed Findings of Fact and Conclusions of law, with authority.

Date: _____      _____
                                      HON. EWING WERLEIN, JR.
                                      UNITED STATES DISTRICT JUDGE

Approved:

Date: <u>November 26, 2008</u>      <u>*/s/ Ira D. Joffe by Mark D. Cronenwett with permission*</u>
                                      Ira D. Joffe
                                      Attorney-in-Charge, Plaintiff


Date: <u>November 26, 2008</u>      <u>*/s/ Mark D. Cronenwett*</u>_____
                                      Mark D. Cronenwett
                                      Attorney-in-Charge, Defendant
                                      and Intervenor-Plaintiff